B1 (Official Form 1)(12/11)

| United States Bankruptcy Court<br>**Northern District of Illinois** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Michaels, Joseph Walter** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all)<br>**xxx-xx-6942** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**2048 Maplewood Circle**<br>**Naperville, IL**<br>ZIP Code **60563** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**DuPage** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

**Type of Debtor**
(Form of Organization) (Check one box)
- ■ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- ■ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity**
(Check box, if applicable)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts**
(Check one box)
- ■ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☐ Debts are primarily business debts.

**Filing Fee** (Check one box)
- ■ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1)(12/11)                                                                                              Page 2

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Michaels, Joseph Walter** |

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location Where Filed:  **- None -** | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: **- None -** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

<table>
<tr>
<td>

**Exhibit A**

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐ Exhibit A is attached and made a part of this petition.

</td>
<td>

**Exhibit B**

(To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).

**X  /s/ Michele L. Aiken                          April 26, 2012**
Signature of Attorney for Debtor(s)                 (Date)
**Michele L. Aiken 6294353**

</td>
</tr>
</table>

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
#### (Check any applicable box)

■    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
#### (Check all applicable boxes)

☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)


_____
(Address of landlord)

☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐    Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐    Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Michaels, Joseph Walter** |

**Signatures**

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Joseph Walter Michaels**
Signature of Debtor   **Joseph Walter Michaels**

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

**April 26, 2012**
Date

**Signature of Attorney***

X **/s/ Michele L. Aiken**
Signature of Attorney for Debtor(s)

**Michele L. Aiken 6294353**
Printed Name of Attorney for Debtor(s)

**Aiken & Aiken, LLC**
Firm Name

**2413 W. Algonquin Road, #154**
**Algonquin, IL 60102**

_____
Address

**Email: maiken@aikenandaiken.com**
**(847)245-2336  Fax: (847)377-9130**
Telephone Number

**April 26, 2012**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Joseph Walter Michaels**

Debtor(s)

Case No.

Chapter   **7**

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.                                                                    Page 2

      ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

      ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

      ☐ Active military duty in a military combat zone.

      ☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    **/s/ Joseph Walter Michaels**
                                **Joseph Walter Michaels**

Date:    **April 26, 2012**

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court

### Northern District of Illinois

In re   **Joseph Walter Michaels**                                    ,    Case No. _____

                                            Debtor

                                            Chapter_____**7**_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 3 | 13,147.52 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 5,819.83 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 4 | | 121,842.89 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 2,971.16 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 3,348.86 |
| Total Number of Sheets of ALL Schedules | | 16 | | | |
| Total Assets | | | 13,147.52 | | |
| Total Liabilities | | | | 127,662.72 | |

Form 6 - Statistical Summary (12/07)

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Joseph Walter Michaels**                                       ,   Case No. _____

                                        Debtor

                                                        Chapter_____**7**_____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐   Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 87,570.83 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 87,570.83 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 2,971.16 |
| Average Expenses (from Schedule J, Line 18) | 3,348.86 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 4,499.99 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 121,842.89 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 121,842.89 |

B6A (Official Form 6A) (12/07)

In re      **Joseph Walter Michaels**                                              ,      Case No. _____
                                        Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **None** | | - | 0.00 | 0.00 |

| | | Sub-Total > | 0.00 | (Total of this page) |
|---|---|---|---|---|
| | | Total > | 0.00 | |

**0** continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

.

In re    **Joseph Walter Michaels**                                                    ,    Case No. _____
                                                                          Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | | **Cash in debtor's possession** | - | 60.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Savings account, Community Trust Credit Union, Account number XX946-1 Joint with mother** | J | 51.71 |
| | | **Checking account, Community Trust Credit Union, Account number XX946-8 Joint with mother** | - | 239.81 |
| | | **TCF Bank Checking Account No. xxxxxx3336 Owned jointly with non-filing spouse** | J | 75.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | **Residential lease security deposit** | - | 1,200.00 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **Used household goods and furnishings** | - | 720.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **Used clothing and apparel** | - | 150.00 |
| 7. Furs and jewelry. | | **Wedding ring and watch** | - | 250.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >      **2,746.52**
(Total of this page)

**2** continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Joseph Walter Michaels**                                              ,    Case No. _____
                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

                                                              Sub-Total >            **0.00**
                                                              (Total of this page)

Sheet   __1__   of   __2__   continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re   **Joseph Walter Michaels**                                    ,    Case No. _____
                                        Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2008 Mazda 3, mileage 70,819** | H | 9,716.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | **Used computer, printer, equipment, office furniture** | - | 575.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | | **Pets - 3 dogs** | J | 10.00 |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | **Used cell phone** | - | 100.00 |

Sub-Total >    **10,401.00**
(Total of this page)

Total >    **13,147.52**

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy

B6C (Official Form 6C) (4/10)

.

In re    **Joseph Walter Michaels**                                              ,    Case No. _____

_____
Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:  ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                       $146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter*
☐ 11 U.S.C. §522(b)(2)                                                *with respect to cases commenced on or after the date of adjustment.)*
■ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Cash on Hand** | | | |
| Cash in debtor's possession | 735 ILCS 5/12-1001(b) | 60.00 | 60.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| Savings account, Community Trust Credit Union, Account number XX946-1 Joint with mother | 735 ILCS 5/12-1001(b) | 51.71 | 51.71 |
| Checking account, Community Trust Credit Union, Account number XX946-8 Joint with mother | 735 ILCS 5/12-1001(b) | 239.81 | 239.81 |
| TCF Bank Checking Account No. xxxxxx3336 Owned jointly with non-filing spouse | 735 ILCS 5/12-1001(b) | 75.00 | 75.00 |
| **Security Deposits with Utilities, Landlords, and Others** | | | |
| Residential lease security deposit | 735 ILCS 5/12-901 | 1,200.00 | 1,200.00 |
| **Household Goods and Furnishings** | | | |
| Used household goods and furnishings | 735 ILCS 5/12-1001(b) | 720.00 | 720.00 |
| **Wearing Apparel** | | | |
| Used clothing and apparel | 735 ILCS 5/12-1001(a) | 100% | 150.00 |
| **Furs and Jewelry** | | | |
| Wedding ring and watch | 735 ILCS 5/12-1001(b) | 250.00 | 250.00 |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| 2008 Mazda 3, mileage 70,819 | 735 ILCS 5/12-1001(c) 735 ILCS 5/12-1001(b) | 2,400.00 1,496.17 | 9,716.00 |
| **Office Equipment, Furnishings and Supplies** | | | |
| Used computer, printer, equipment, office furniture | 735 ILCS 5/12-1001(b) | 575.00 | 575.00 |
| **Animals** | | | |
| Pets - 3 dogs | 735 ILCS 5/12-1001(b) | 10.00 | 10.00 |
| **Other Personal Property of Any Kind Not Already Listed** | | | |
| Used cell phone | 735 ILCS 5/12-1001(b) | 100.00 | 100.00 |

| | | | |
|---|---|---|---|
| | Total: | 7,327.69 | 13,147.52 |

__0__  continuation sheets attached to Schedule of Property Claimed as Exempt

B6D (Official Form 6D) (12/07)

In re __**Joseph Walter Michaels**_____,     Case No. _____
                                    Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **xxxx8178**<br><br>**Mazda American Credit**<br>**PO Box 5420100**<br>**Omaha, NE 66154** | | H | 03/2008<br><br>**Purchase Money Security**<br><br>**2008 Mazda 3, mileage 70,819** | | | | | |
| | | | Value $              9,716.00 | | | | 5,819.83 | 0.00 |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |
| __0__ continuation sheets attached | | | Subtotal<br>(Total of this page) | | | | 5,819.83 | 0.00 |
| | | | Total<br>(Report on Summary of Schedules) | | | | 5,819.83 | 0.00 |

B6E (Official Form 6E) (4/10)

.

In re    **Joseph Walter Michaels**                                                                 ,    Case No. _____
                                                            Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**0**    continuation sheets attached

B6F (Official Form 6F) (12/07)

In re   **Joseph Walter Michaels**                                    ,   Case No. _____
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br>**Abear Law Offices Pc** <br>**4200 Cantera Drive # 200** <br>**Warrenville, IL 60555** | - | | **2011** <br>**Legal Fees** | | | | 3,043.50 |
| Account No. xxxxxxxxxxxx9623 <br><br>**Bill Me Later** <br>**P.O. Box 2394** <br>**Omaha, NE 68103** | - | | **Credit Card Purchases** | | | | 1,597.23 |
| Account No. xxxx-xxxx-xxxx-0534 <br><br>**Capital One** <br>**P.O. Box 6492** <br>**Carol Stream, IL 60197-6492** | - | | **Credit Card Purchases** | | | | 3,551.26 |
| Account No. xxxx-xxxx-xxxx-5934 <br><br>**Capital One** <br>**P.O. Box 71083** <br>**Charlotte, NC 28272-1083** | - | | **Credit Card Purchases** | | | | 1,093.53 |

__3__ continuation sheets attached

Subtotal
(Total of this page)   9,285.52

B6F (Official Form 6F) (12/07) - Cont.

In re   **Joseph Walter Michaels**                                          ,        Case No. _____
                                              Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxx-xxxx-xxxx-4531**<br><br>**Chase**<br>**P.O. Box 15153**<br>**Wilmington, DE 19886** | - | | Credit Card Purchases | | | | 5,801.07 |
| Account No. **xxxx-xxxx-xxxx-5120**<br><br>**Chase**<br>**P.O. Box 15153**<br>**Wilmington, DE 19886** | - | | Credit Card Purchases | | | | 2,578.14 |
| Account No. **xxxxxx8791**<br><br>**Citibank**<br>**100 Citibank Drive**<br>**San Antonio, TX 78245-9966** | - | | Credit Card Purchases | | | | 6,114.70 |
| Account No. **xxxxxx0171**<br><br>**ComEd**<br>**P.O. Box 805379**<br>**Chicago, IL 60680** | - | | Utility Services | | | | 277.23 |
| Account No. **xxxxxxxxxxxxxxx6362**<br><br>**Dell Financial Services**<br>**P.O. Box 81577**<br>**Austin, TX 78708-1577** | - | | Credit Card Purchases | | | | 722.24 |

Sheet no. __1__ of __3__ sheets attached to Schedule of           Subtotal       15,493.38
Creditors Holding Unsecured Nonpriority Claims                 (Total of this page)

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re    **Joseph Walter Michaels**                                      ,    Case No. _____
                                        Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxxx0629**<br><br>**Direct Loan Servicing**<br>**US Dept of Ed**<br>**PO Box 5609**<br>**Greenville, TX 75403** | - | | Student loans | | | | 54,977.83 |
| Account No. **xxxx-xxxx-xxxx-6942**<br><br>**HSBC**<br>**P.O. Box 2013**<br>**Buffalo, NY 14240** | - | | Credit Card Purchases | | | | 404.86 |
| Account No.<br><br>**National Collegiate**<br>**1200 N 7th St**<br>**Harrisburg, PA 17102** | - | | Student loan | | | | 16,574.00 |
| Account No. **xxxx-xxxx-xxxx-9623**<br><br>**NewEgg**<br>**PO Box 105658**<br>**Atlanta, GA 30348-5658** | - | | Credit Card Purchases | | | | 1,597.00 |
| Account No.<br><br>**Sallie Mae**<br>**PO Box 9500**<br>**Wilkes Barre, PA 18773** | - | | Student Loan | | | | 12,240.00 |

Sheet no. __**2**___ of __**3**___ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

85,793.69

B6F (Official Form 6F) (12/07) - Cont.

In re  **Joseph Walter Michaels**                                                    ,      Case No. _____

                                            Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxx-xxxx-xxxx-1415** <br><br> **SIU Credit Card** <br> **PO Box 31279** <br> **Tampa, FL 33631-3279** | - | | **Credit Card Purchases** | | | | **4,611.55** |
| Account No. **xxxxx8647** <br><br> **Sprint** <br> **6391 Sprint Parkway** <br> **Overland Park, KS 66251-4300** | - | | **Cell Phone** | | | | **193.31** |
| Account No. <br><br> **Student Loan Corporation** <br> **99 Gamsey Rd** <br> **Pittsford, NY 14534** | - | | **Student loan** | | | | **3,779.00** |
| Account No. **xxxx-xxxx-xxxx-9314** <br><br> **Target National Bank** <br> **P.O. Box 673** <br> **Minneapolis, MN 55440** | - | | **Credit Card Purchases** | | | | **2,686.44** |
| Account No. | | | | | | | |

Sheet no. _**3**__ of _**3**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                                **11,270.30**

Total
(Report on Summary of Schedules)                **121,842.89**

B6G (Official Form 6G) (12/07)

.

In re    **Joseph Walter Michaels**                    ,    Case No. _____

Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **Huichun Li**<br>**681 Highbury Ct. SE**<br>**Ada, MI 49301** | **Residential real estate lease ending 09/01/2012** |

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                      Best Case Bankruptcy

B6H (Official Form 6H) (12/07)

.

In re   **Joseph Walter Michaels**                                                    ,          Case No. _____

Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

**0**
_____ continuation sheets attached to Schedule of Codebtors

B6I (Official Form 6I) (12/07)

In re  **Joseph Walter Michaels**                                                      Case No. _____
_____
Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S): **None.** | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **System Administrator** | **Unemployed** |
| Name of Employer | **Recovery Management Services** | |
| How long employed | **11 months** | |
| Address of Employer | **4200 Cantera Drive Ste 211 Warrenville, IL 60555** | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | 4,499.99 | $ | 0.00 |
| 2. Estimate monthly overtime | $ | 0.00 | $ | 0.00 |
| 3. SUBTOTAL | $ | 4,499.99 | $ | 0.00 |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
| a. Payroll taxes and social security | $ | 1,109.90 | $ | 0.00 |
| b. Insurance | $ | 418.93 | $ | 0.00 |
| c. Union dues | $ | 0.00 | $ | 0.00 |
| d. Other (Specify): | $ | 0.00 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 1,528.83 | $ | 0.00 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | 2,971.16 | $ | 0.00 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | 0.00 | $ | 0.00 |
| 8. Income from real property | $ | 0.00 | $ | 0.00 |
| 9. Interest and dividends | $ | 0.00 | $ | 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | 0.00 | $ | 0.00 |
| 11. Social security or government assistance (Specify): | $ | 0.00 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 12. Pension or retirement income | $ | 0.00 | $ | 0.00 |
| 13. Other monthly income (Specify): | $ | 0.00 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | 0.00 | $ | 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | 2,971.16 | $ | 0.00 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | $ | 2,971.16 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

B6J (Official Form 6J) (12/07)

In re   **Joseph Walter Michaels**                                    Case No. _____

_____
                Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 600.00 |
| a. Are real estate taxes included? Yes ___ No **X** | | |
| b. Is property insurance included? Yes ___ No **X** | | |
| 2. Utilities:    a. Electricity and heating fuel | $ | 105.00 |
| b. Water and sewer | $ | 20.00 |
| c. Telephone | $ | 70.00 |
| d. Other   **See Detailed Expense Attachment** | $ | 255.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 0.00 |
| 4. Food | $ | 600.00 |
| 5. Clothing | $ | 100.00 |
| 6. Laundry and dry cleaning | $ | 60.00 |
| 7. Medical and dental expenses | $ | 64.00 |
| 8. Transportation (not including car payments) | $ | 220.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 75.00 |
| 10. Charitable contributions | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | $ | 10.00 |
| b. Life | $ | 0.00 |
| c. Health | $ | 0.00 |
| d. Auto | $ | 71.76 |
| e. Other _____ | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) _____ | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | $ | 243.10 |
| b. Other   **Student loan** | $ | 700.00 |
| c. Other _____ | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other   **Personal care** | $ | 80.00 |
| Other   **Pet care/vet expense** | $ | 75.00 |

| | | |
|---|---|---:|
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 3,348.86 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a.   Average monthly income from Line 15 of Schedule I | $ | 2,971.16 |
| b.   Average monthly expenses from Line 18 above | $ | 3,348.86 |
| c.   Monthly net income (a. minus b.) | $ | -377.70 |

**B6J (Official Form 6J) (12/07)**

In re   **Joseph Walter Michaels**                                          Case No. _____

                                          Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Detailed Expense Attachment

**Other Utility Expenditures:**

| | | |
|---|---|---|
| **Trash service** | $ | **15.00** |
| **Cell phone** | $ | **160.00** |
| **Cable/internet** | $ | **80.00** |
| **Total Other Utility Expenditures** | $ | **255.00** |

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Northern District of Illinois

In re    **Joseph Walter Michaels**                                    Case No. _____
                                        Debtor(s)            Chapter    **7**    _____

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___**18**___ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date   **April 26, 2012**_____        Signature    **/s/ Joseph Walter Michaels**_____
                                                            **Joseph Walter Michaels**
                                                            Debtor

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (04/10)

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Joseph Walter Michaels**                                    Case No. _____

_____    Chapter   **7**
                        Debtor(s)

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$15,615.36** | **2012 YTD: Debtor Employment Income** |
| **$49,778.00** | **2011: Debtor Employment Income** |
| **$45,713.06** | **2010: Debtor Employment Income** |

---

**2. Income other than from employment or operation of business**

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$266.00** | **2011: Debtor Pension Fund Distribution** |

2

### 3. Payments to creditors

None ☐ *Complete a. or b., as appropriate, and c.*

    a. *Individual or joint debtor(s) with primarily consumer debts.* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (\*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **Mazda American Credit**<br>**PO Box 5420100**<br>**Omaha, NE 66154** | **January 2012**<br>**February 2012**<br>**March 2012** | **$729.30** | **$5,819.83** |

None ■     b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850\*. If the debtor is an individual, indicate with an asterisk (\*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None ■     c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☐ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **SIU Credit Union, V Joseph Michaels,**<br>**11-SC-1062** | **Collection** | **Circuit Court of the First Judicial**<br>**Circuit, Jackson County, Illinois** | **Pending** |

None ■ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

3

**5.  Repossessions, foreclosures and returns**

None
■

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6.  Assignments and receiverships**

None
■

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
■

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7.  Gifts**

None
■

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8.  Losses**

None
■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9.  Payments related to debt counseling or bankruptcy**

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Aiken & Aiken, LLC<br>2413 W. Algonquin Road, #154<br>Algonquin, IL 60102** | **September 2011, October 2011, February 2012** | **As detailed on attorney disclosure statement** |
| **Debtorcc, Inc.** | **04/26/2012** | **$24.95** |

**10.  Other transfers**

None
■

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor,
transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors
filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the
spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |

None
■

b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled
trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

**11.  Closed financial accounts**

None
■

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or
otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other
financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds,
cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must
include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed,
unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

**12.  Safe deposit boxes**

None
■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year**
immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or
depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not
filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

**13.  Setoffs**

None
■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the
commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both
spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

**14.  Property held for another person**

None
■

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

5

**15. Prior address of debtor**

None ☐

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| **456 Magnolia Ave**<br>**Gurnee, IL 60031** | **Joseph Michaels** | **03/2009 - 10/2010** |
| **640 W. Happfield**<br>**Arlington Heighets, IL 60015** | **Joseph Michaels** | **10/2010 - 01/2011** |
| **385 Spruce Lane, Apt. 303**<br>**Glen Ellyn, IL 60137** | **Joseph Michaels** | **01/2011 - 09/2011** |

**16. Spouses and Former Spouses**

None ☐

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME
**Yu Chun Wei**

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None ■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF<br>GOVERNMENTAL UNIT | DATE OF<br>NOTICE | ENVIRONMENTAL<br>LAW |
|---|---|---|---|

None ■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF<br>GOVERNMENTAL UNIT | DATE OF<br>NOTICE | ENVIRONMENTAL<br>LAW |
|---|---|---|---|

None ■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF<br>GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

6

---

**18 . Nature, location and name of business**

None
■

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None
■

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

None
■

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|

None
■

b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

None
■

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|

None
■

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|

## 20. Inventories

None ■    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

None ■    b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

## 21 . Current Partners, Officers, Directors and Shareholders

None ■    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None ■    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

## 22 . Former partners, officers, directors and shareholders

None ■    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ■    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

## 23 . Withdrawals from a partnership or distributions by a corporation

None ■    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 24. Tax Consolidation Group.

None ■    If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

8

**25. Pension Funds.**

None
■

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                          TAXPAYER IDENTIFICATION NUMBER (EIN)

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  **April 26, 2012**                              Signature    **/s/ Joseph Walter Michaels**
                                                                    **Joseph Walter Michaels**
                                                                    Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B8 (Form 8) (12/08)

# United States Bankruptcy Court
## Northern District of Illinois

In re  **Joseph Walter Michaels** _____   Case No. _____
Debtor(s)      Chapter   **7**

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate.  Attach additional pages if necessary.)

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>**Mazda American Credit** | **Describe Property Securing Debt:**<br>**2008 Mazda 3, mileage 70,819** |

Property will be (check one):
☐ Surrendered        ■ Retained

If retaining the property, I intend to (check at least one):
☐ Redeem the property
■ Reaffirm the debt
☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
■ Claimed as Exempt        ☐ Not claimed as exempt

**PART B** - Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease.  Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>**Huichun Li** | **Describe Leased Property:**<br>**Residential real estate lease ending 09/01/2012** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>■ YES        ☐ NO |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date  **April 26, 2012** _____        Signature  **/s/ Joseph Walter Michaels** _____
**Joseph Walter Michaels**
Debtor

# United States Bankruptcy Court
## Northern District of Illinois

In re    **Joseph Walter Michaels**  _____    Case No.  _____
                                      Debtor(s)              Chapter    **7**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept _____    $ _____**1,500.00**

    Prior to the filing of this statement I have received _____    $ _____**1,500.00**

    Balance Due _____    $ _____**0.00**

2. $ __**306.00**__ of the filing fee has been paid.

3. The source of the compensation paid to me was:

    ■ Debtor    ☐ Other (specify):

4. The source of compensation to be paid to me is:

    ■ Debtor    ☐ Other (specify):

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d. [Other provisions as needed]
       **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
    **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:    **April 26, 2012**  _____        /s/ Michele L. Aiken
                                                          **Michele L. Aiken 6294353**
                                                          **Aiken & Aiken, LLC**
                                                          **2413 W. Algonquin Road, #154**
                                                          **Algonquin, IL 60102**
                                                          **(847)245-2336  Fax: (847)377-9130**
                                                          **maiken@aikenandaiken.com**

---

# Aiken & Aiken, LLC
### Attorneys at Law

◆ **2413 W. Algonquin Road, #154 ◆ Algonquin, IL 60102** ◆
◆ **847-245-2336 ◆ 847-377-9130 Fax ◆ legalsisters.com** ◆

## ATTORNEY-CLIENT AGREEMENT – BANKRUPTCY

This ATTORNEY-CLIENT AGREEMENT (Agreement) is entered into, by and between
*Joseph Michaels* ————————————————————— (Client) and
Aiken & Aiken, LLC – Attorneys at Law (Law Firm), to perform legal services described below.

The Client understands that the Law Firm is a federally designed Debt Relief Agency. The Law Firm is in the business to help people file for bankruptcy relief under the Bankruptcy Code.

The Law Firm is hereby retained to act on the Client's behalf pursuant to the Client's below-mentioned bankruptcy case. This agreement grants authority to the Law Firm to request whatever documents are necessary from the Client and/or, the Client's family, friends, associates, business, educational institutions, government agencies or any organization in the preparation and submission of the Client's bankruptcy case. The Law Firm agrees to perform its services faithfully and diligently.

The Client will be truthful and cooperative with the Law Firm, keep the Law Firm reasonably informed of developments and of the Client's address, telephone numbers and whereabouts, and timely make any payments required by this agreement. Additionally, the Client agrees to cooperate in the preparation of the bankruptcy case, to appear for creditors' meeting, depositions and court appearance, to complete any and all required financial management programs and to comply with all reasonable requests made in preparation of this bankruptcy case. Failure to so cooperate may result in Court-imposed sanctions and the Law Firm's withdrawal from the case.

The Client is encouraged to study this contract and to consult with others before signing it. This Agreement will not take effect, and the Law Firm will have no obligations to provide legal services, until the Client returns a signed copy of this Agreement.

## Legal Services to be Performed:

The Law Firm has been employed to assist the Client with filing of a bankruptcy petition under Chapter 7. If it is later determined due to the Client's individual circumstances that a Chapter 13 bankruptcy petition is more appropriate, a subsequent retention agreement will be executed at that time. **This agreement specifically excludes representation of the Clients in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

The Law Firm and the Client agree to the following legal services and responsibilities, as appropriate, based on the Chapter under which the bankruptcy petition filed:

### *BEFORE THE CASE IS FILED*

THE CLIENT AGREES TO:
1. Discuss with the Law Firm the Client's objectives in filing the case.
2. Provide the Law Firm with full, accurate and timely information, financial and otherwise, including properly documented proof of income.

# Aiken & Aiken, LLC
### Attorneys at Law

## ATTORNEY-CLIENT AGREEMENT – BANKRUPTCY

THE LAW FIRM AGREES TO:
1. Personally counsel the Client regarding the advisability of filing a petition under the Bankruptcy Code (as well as non-bankruptcy options) with the Client, and answer the Client's questions.
2. Personally explain to the Client the extent to which the Law Firm is being engaged to represent the debtor, as required by Local Bankruptcy rule and explain how and when the Law Firm's fees are determined and paid.
3. Personally review with the Client and explain the completed petition, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later.
4. Timely prepare and file the Client's petition, statements, and schedules.
5. Explain to the Client how, when, and where to make all necessary payments, including payments that must be made directly to creditors, with particular attention to housing and vehicle payments, as appropriate based on the Client's circumstances.
6. Advise the Client of the need to maintain appropriate insurance.

### *AFTER THE CASE IS FILED*

THE CLIENT AGREES TO:
1. Make the required payments to whichever creditors are required, or, if required payments cannot be made, to notify the attorney immediately.
2. Appear punctually at the meeting of creditors (also called the "341 meeting") with recent proof of income, a picture identification card and a social security card.  The Client must be present in time for check-in and when the case is called for the actual examination.
3. Notify the Law Firm of any change in the Client's address or telephone number.
4. Inform the Law Firm of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.
5. Contact the Law Firm immediately if, prior to discharge, the Client loses employment, has a significant change in income, or experiences any other significant change in financial situation (such as serious illness, marriage, divorce or separation, lottery winnings, or an inheritance).
6. Notify the Law Firm if the Client is sued or wishes to file a lawsuit (including divorce).
7. Prior to discharge, inform the Law Firm if any tax refunds to which the Client is entitled are seized or not received when due from the IRS or Illinois Department of Revenue.
8. Prior to discharge, contact the Law Firm before buying, refinancing, or selling real property, and before entering into any loan agreement.
9. Supply the Law Firm with copies of all tax returns filed while the case is pending.

THE ATTORNEY AGREES TO:
1. Advise the Client of the requirement to attend the meeting of creditors, and notify the Client of the date, time, and place of the meeting.
2. Inform the Client that the Client must be punctual and, in the case of a joint filing, that both spouses must appear at the same meeting.
3. Provide knowledgeable legal representation for the Client at the meeting of creditors (in time for check-in and the actual examination).
4. If the Law Firm will be employing another attorney to attend the 341 meeting or any court hearing, personally explain to the debtor in advance, the role and identity of the other


## Aiken & Aiken, LLC
### Attorneys at Law
## ATTORNEY-CLIENT AGREEMENT – BANKRUPTCY

attorney and provide the other attorney with the file in sufficient time to review it and properly represent the Client.

5. Timely prepare, file, and serve any necessary statements, amended statements and schedules and any change of address, in accordance with information provided by the Client.
6. Monitor all incoming information in relation to the case and discuss with the Client to determine appropriate responses.
7. Be available to respond to the Client's questions throughout the case.
8. Object to improper or invalid claims.
9. Provide any other legal services necessary for the administration of the case.
10. In the event that a case is converted to another Chapter, provide any other legal services which may be necessary consistent with the attorney's responsibilities under Local Bankruptcy Rule 2090-5, with such additional fees as may be appropriate.

Work will start on the Client's case after the Client has signed this agreement, it has been received by the Law Firm and the fee listed below has been received. Additionally, the Client understands other lawyers and staff may be employed to work on the case. Unless the Client approves in advance, the fee will never be more expensive than that detailed below.

**Fees & Expenses:**

For the services as detailed above, the Law Firm will be paid a fee of $ *1500.00* ———for filing a Chapter 7 bankruptcy petition. The entire fee plus the required court filing fee shall be paid prior to a bankruptcy petition being filed on behalf of the Client. The Law Firm's fees presume that the Client has and will accurately represent all material facts to the Law Firm, and that the Client follows the instructions that the Law Firm provides. The above fee will become the Law Firm's absolutely as soon as the bankruptcy petition is filed and no refund will be given to the Client after the bankruptcy petition is filed.

The Client may pay the fee in installment payments of no more than six (6) months, as detailed in the Attorney Fee Installment Schedule (Attachment A). All installment payments are due 30 days after the prior payment. The Law Firm will not file the petition for bankruptcy with the Bankruptcy Court until the applicable attorney fees and court filing fee are paid. The installment payments will be made via the credit/debit card program as detailed in the attached Credit/Debit Card Installment Payment Plan (Attachment B). By signing this Credit/Debit Card Installment Payment Plan, the Client elects to pay the agreed upon fees by debit card. The Client asserts they are an authorized signer on the VISA or MasterCard debit card. The Client further asserts that the card they provide is a debit card and not a credit card, even though the charge may be processed as a credit card charge. The Client understands that attorney fees for bankruptcy services may not be paid by a credit card for which the Client intends to discharge the debt in his/her bankruptcy petition. The Client hereby agrees that payments by credit card are non-refundable through the chargeback process. The Client agrees not to cancel, revoke or chargeback any previously entered charge on their credit card. This does not waive the Client's right to dispute the charge. In the event of a dispute, the Client agrees to have the dispute settled by entering into arbitration or through the judicial process. If it is later determined that the charge was properly authorized, the Client agrees to pay all out of pocket fees and costs



## Aiken & Aiken, LLC
### Attorneys at Law
## ATTORNEY-CLIENT AGREEMENT – BANKRUPTCY

incurred by Law Firm, as a result of the improper cancellation, revocation, chargeback or dispute.

1. ***Payment of Filing Fees:*** The Client agrees to pay all filing fees in a timely manner, as appropriate. For a Chapter 7 bankruptcy petition, the filing fee is $299.00. The filing fee shall be paid to the Law Firm prior to the bankruptcy petition being filed.

2. ***Credit Counseling and Debtor Management Course Fees:*** The Client agrees to complete and pay for all credit counseling and/or debtor management courses required by his or her bankruptcy. These may be required prior to the Law Firm filing the Client's bankruptcy petition with the court. The Law Firm will provide the Client with information on the required courses, the costs associated with them, the requirement of when these must be taken and a list of approved vendors. The Client shall schedule these with and pay the vendor directly. The Client acknowledges that the bankruptcy petition cannot be filed without the certificate of completion of the pre-bankruptcy credit counseling. The Client also acknowledges that no discharge of debts will be issued if the post-bankruptcy credit counseling is not completed within the statutory timeframe.

3. ***Credit Report Fee:*** A copy of the Client's credit report will be required to file bankruptcy. The Law Firm will provide the Client with information on how the Client may obtain a copy of his or her credit report. If the Client does not wish to obtain a copy of the report on his or her own to provide to the Law Firm, the Law Firm will obtain a copy of the Client's credit report. The cost for the Law Firm to obtain the Client's credit report is $75.00. The Client will need to pay this fee with the initial payment and will provide any necessary personal information needed (i.e. mother's maiden name) to the Law Firm that is needed to obtain the Client's credit report. In addition, if the Client does not wish to provide creditor addresses to the Law Firm, the Law Firm may obtain these addresses for the Client through the Client's credit report, at a cost of $75.00 payable to the Law Firm. The Client understands that the best source for creditor addresses and notification of bankruptcy filing is through the information the Client would have obtained from the creditor when the Client had a relationship with the creditor. Therefore, it is recommended that the Client provide this information to the Law Firm. However, should the Client be unwilling or unable to provide this information, the Law Firm will obtain it for an additional fee of $75.00 as related above.

4. ***Early termination of the case.*** Fees payable under the provisions set out above are not refundable in the event that the case is dismissed, unless the dismissal is due to a failure by the Law Firm to comply with the duties set out in this agreement. If a dismissal is due to such a failure by the Law Firm, the court may order a refund of fees on motion by the Client.

5. ***Retainers.*** The attorney may receive a retainer or other payment before filing the case, but may not receive fees directly from the Client after the filing of the case. Unless the following provision is marked and completed, any retainer received by the Law Firm will be treated as a security retainer, to be placed in the Law Firm's client trust account until approval of a fee application by the court.

# Aiken & Aiken, LLC
### Attorneys at Law

## ATTORNEY-CLIENT AGREEMENT – BANKRUPTCY

☒ Any retainer received by the attorney will be treated as an advance payment, allowing the Law Firm to take the retainer into income immediately. The reason for this treatment is the following: **The fee being paid is an advance payment to ensure that Law Firm shall be committed to providing legal services for the Client as detailed in this agreement. This fee shall be deposited in the Law Firm's Operating Account and shall become the property of the Law Firm upon payment by the Client. The Client may, at his or her option, choose to place fees provided to the Law Firm as a security retainer, in the Law Firm's IOLTA, rather than as an advance payment fee. If the Client wishes to do this, he or she must notify the Law Firm in writing of this decision. However, the Client should be aware that any funds deposited as a security retainer may be subject to the Client's creditors and therefore, if the Client chooses this option, the Client may not have the funds necessary to pay the Law Firm's fee when the Client's bankruptcy petition is ready to file. As stated above, the Law Firm will not file the Client's bankruptcy petition until its full fee has been paid as detailed above and therefore, it is advantageous to the Client under these circumstances to deposit the funds as an advance payment with the Law Firm, so that these funds shall only be available to pay the Law Firm's fees and not potentially subject to the Client's creditors.** In any application for fees, whether or not requiring an itemization, the Law Firm shall disclose to the court any fees paid by the Client prior to the case filing.

6. *Improper conduct by the Law Firm.* If the Client disputes the sufficiency or quality of the legal services provided or the amount of the fees charged by the Law Firm, the Client may file an objection with the court and request a hearing.

7. *Improper conduct by the Client.* If the Law Firm believes that the Client is not complying with the Client's responsibilities under this agreement or is otherwise not engaging in proper conduct, the Law Firm may apply for a court order allowing the Law Firm to withdraw from the case.

8. *Discharge of the attorney.* The Client may discharge the attorney at any time. The Client agrees that should he or she fail to complete the bankruptcy, decide not to continue a bankruptcy filing or decide not to continue using the Law Firm's services the Law Firm may charge against monies paid the amount per hour detailed below for all services rendered to date, plus actual costs incurred. Attorney time shall be billed at the rate of $250.00 per hour; paralegal time at $125.00 per hour and legal assistant time at $75.00 per hour. These amounts shall be charged for all consultations, preparation of instruments, telephone conversations and any other matters or work that may be required. All invoices sent to the Client are due within 10 days of receipt. After 30 days from the date of any statement interest will accrue at eighteen percent per annum.

The Client agrees to pay reasonable attorney's fees and costs of collection (including post-judgment collection costs) if any action is necessary to collect any money owed to the Law Firm through a collection, by the Law Firm's efforts, or otherwise.

## Client Disclosure/Discharge Information

Client's Initials: _____



**Aiken & Aiken, LLC**
Attorneys at Law

## ATTORNEY-CLIENT AGREEMENT – BANKRUPTCY

1. <u>Full Disclosure Required</u>:  The Client understands that he or she must disclose ALL of his or her assets and liabilities to the Bankruptcy Court.  This means that everything that the Client owns including but not limited to clothes, jewelry, furniture, cars, cash, utility deposits, bank accounts, tax refunds, homes, all monies owed to the Client and all other real and personal property and assets the Client possesses (no matter how the Client obtained them) must be valued and disclosed to the Court and made subject to the disposition of the Bankruptcy Court.

   The Client understands that he or she may keep only those assets exempted by Bankruptcy Law or allowed by the Trustee or Court.  The Client understands that he or she cannot transfer assets to third parties to escape disclosure and that the Law Firm cannot promise the Client what assets he or she may keep as this depends upon information not available to the Law Firm at this time.

   The Client further understands that he or she must list all of his or her debts, even those he or she will continue to pay.

2. <u>Certain Debts Not Discharged</u>:  The Client understands that certain debts are not generally discharged in Bankruptcy (for example - taxes, students loans, alimony & child support) and knows that the Law Firm attorney CANNOT promise the Client that any particular debt will be discharged as this depends upon the outcome of the Client's case.

3. <u>Results Not Guaranteed</u>:  The Client acknowledges that the Law Firm makes no guarantee whatsoever that any bankruptcy matter petitioned or applied for will be approved as all such decisions rest solely with the US Bankruptcy authorities.

<u>**Termination of Relationship:**</u>

1. <u>Client Termination/Abandoning a Case</u>:  The Client may discharge the Law Firm from any further services anytime by giving written notice.  The Client may abandon their case, in writing, at any time.  Any and all unpaid expenses incurred as of the date of termination shall be due and payable immediately and fees due to the Law Firm for work to date shall be as detailed above.

2. <u>Law Firm Termination</u>:  The Law Firm may end representation of the Client if the Law Firm-Client relationship deteriorates because of the non-cooperation of the Client to a point where the Law Firm determines it can no longer adequately represent the Client.

   The Client should note that the Law Firm relies on the full cooperation of the Client to provide all required documents in a timely manner. At the start of the case, a listing of all the required documents will be provided to the Client. The documents requested are essential to enable the Law Firm to compile, review and submit the bankruptcy as appropriate.  Therefore, if the Client fails to submit requested documents then the case cannot progress and ultimately this Law Firm must be able to determine when a case should be deemed abandoned. If all the documents are not received within the time frame provided the Law Firm retains the right to declare the case as being abandoned and close the file.

Client's Initials: _____



**Aiken & Aiken, LLC**
Attorneys at Law

## ATTORNEY-CLIENT AGREEMENT – BANKRUPTCY

The client and Law Firm can agree an extension in writing, but the option to grant an extension rests solely at the discretion of this Law Firm.

The Client's failure to comply with this contract or to cooperate reasonably with the Law Firm will be grounds for the Law Firm to withdraw pursuant to the Rules of Professional Conduct and the Civil Rules. The Client understands that nonpayment of the Law Firm's fees is grounds for the Law Firm to withdraw from doing further work for the Client.

Additionally, the Client agrees that Attorney may immediately withdraw from representation should Client fail to make regular monthly payments to either the secured lienholders or the Bankruptcy Trustee without first contacting the Law Firm to ask for its assistance.

Should the Law Firm terminate the relationship, any and all unpaid expenses incurred as of the date of termination shall be due and payable immediately and fees due to the Law Firm for work to date shall be as detailed above. Fees due to the Law Firm shall be calculated based upon the hourly rate detailed above for work done up until the time of termination.

3. <u>Document Retention</u>: The Law Firm is entitled to keep copies of all materials in its possession. The Client must pay copying and delivery charges for any materials requested from the Law Firm before the files shall be copied or delivered. If the Law Firm chooses to provide materials to the Client before collecting an advance for copying charges, they shall not be deemed waived and shall be due immediately and paid before the materials are delivered.

**General Terms:**

1. <u>Binding On Successors</u>: This contract shall be binding upon and inure to the benefit of the Client and the Law Firm, as well as both of our respective heirs, executors, administrators, legal representatives, successors, and assigns.

2. <u>Choice of Law</u>: This agreement shall be governed by and construed in accordance with the laws of the State of Illinois. The Client agrees to venue in the 22nd Judicial Circuit Court of Illinois and the 2nd Judicial District Appellate Court of Illinois in the event that a lawsuit must be filed. The Client agrees to accept service by certified mail to the last address provided to the Law Firm.

3. <u>Communication with Client</u>: In the course of association with the Client, the Law Firm may have occasion to communicate with the Client or with others by electronic mail. Such communications will not be encrypted. Although interception of such communications by a third party would constitute a violation of federal law, the Law Firm can offer no assurance that such interception will not occur. The Law Firm will abide by any instructions the Client may give concerning electronic mail communications; in the absence of such instructions, the Law Firm will use its own judgment regarding the advisability of using such means of communication.

4. <u>Effective Date of Agreement</u>: This Agreement shall become effective when both Client and Law Firm sign it and upon the Law Firm's receipt of the fee as listed above.

Client's Initials: _____



## Aiken & Aiken, LLC
### Attorneys at Law

## ATTORNEY-CLIENT AGREEMENT – BANKRUPTCY

5. <u>File Retention</u>:  The Law Firm will keep the Client's file in an electronic format only, either in the Law Firm's office or in off-site storage, for a period of years after the conclusion of the matter to which the files relate as detailed by the current laws/professional standards in place at the time.  If the Client is a minor when his/her matter ends, the Law Firm will keep the Client's file until the later of the number of years as detailed by the current laws/professional standards in place at the time after the matter is over or one year after the Client reaches majority.

The Client understands that he or she shall receive copies of all documents related to their file and should retain a these documents for his or her file.  Should the Client require additional copies of the attorney's file the Client understands that they will be charged for those copies.  Should the Client require a copy of any documents he or she must request a copy in writing prior to the expiration of the above period.  Additionally, the Client agrees to pay the reasonable fees for producing this copy as detailed above.

6. <u>Modification</u>: Any modification of the Agreement must be in writing and signed by the Client and the Law Firm.

7. <u>Power of Law Firm</u>:  The Client agrees to grant the Law Firm a limited power of attorney.  This power of attorney gives the Law Firm full authority to prepare, fully execute, sign and file all legal instruments of any sort reasonably necessary to complete the Client's matter, including settlement and reducing to possession all money or other things of value due to the Client under this claim, as fully as the Client could do in person.  If the Law Firm cannot locate the Client after reasonable effort, the Law Firm has the Client's authorization to accept on the Client's behalf any offer of settlement of the Client's case that, in the Law Firm's opinion, is reasonable.  The Law Firm may also reduce the settlement to judgment, deduct its fees and expenses pursuant to this contract, satisfy any valid liens on the claim, and hold the balance of the funds, if any, in trust for the Client.

8. <u>Prior Agreements</u>: This Agreement incorporates all prior agreements and understandings between the Client and the Law Firm.

9. <u>Referral Fees Allowed</u>:  The Client understands that the Law Firm may pay a referral fee to the a local Bar Association or such other Law Firm/Agency referring cases, in accordance with Illinois state's Rules of Professional Conduct.

10. <u>Severability</u>:  If any part of this Attorney-Client Agreement shall be deemed invalid, illegal, or inoperative for any reason, it is the intention of the Client and the Law Firm that the remaining parts, so far as possible and reasonable, shall be effective and fully operative.  This Attorney-Client Agreement represents the entire agreement for the payment of legal fees, costs and expenses between the Law Firm and the Client.

Client's Initials: _____

## Aiken & Aiken, LLC
### Attorneys at Law

## ATTORNEY-CLIENT AGREEMENT – BANKRUPTCY

I/WE HAVE READ THE ABOVE, UNDERSTAND IT, AND AGREE TO ABIDE BY ALL TERMS
AND CONDITIONS HEREIN. THERE ARE NO OTHER AGREEMENTS, ORAL OR WRITTEN,
BETWEEN US.  ANY CHANGES TO THIS CONTRACT MUST BE IN WRITING.

I/We acknowledge that I/we, the Client, have had the right and opportunity to study this
document away from the Law Firm's office before signing.  I/We am aware of the right to consult
another lawyer and of the advisability of doing so because of the importance of the matters
involved and the binding and permanent effect of the issues resolved in this contract.  I/We elect
not* to indicate whether I have done so. (Delete the word "not*" if you wish to acknowledge
consulting          another          lawyer          and          indicate          lawyer's          name          here:
_____)

Agreed to this _23_ day of _September_, 20_11_ at _Crystal Lake_, Illinois.

_Joseph Michaels_                                    _____
**Client Name**                                        **Client Signature**

_____                              _____
**Client Name**                                        **Client Signature**

Agreed to this _23_ day of _September_, 20_11_ at Algonquin, Illinois.

_Michele Aiken_                                      _____
**Attorney Name**                                      **On Behalf of Aiken & Aiken, LLC**

B 201A (Form 201A) (11/11)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $46 administrative fee, $15 trustee surcharge: Total Fee $306)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $46 administrative fee: Total fee $281)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over

Form B 201A, Notice to Consumer Debtor(s)                                                                                     Page 2

a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### <u>Chapter 11</u>: Reorganization ($1000 filing fee, $46 administrative fee: Total fee $1046)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### <u>Chapter 12</u>: Family Farmer or Fisherman ($200 filing fee, $46 administrative fee: Total fee $246)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. <u>Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials</u>

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Joseph Walter Michaels** _____      Case No. _____

_____ Debtor(s)    Chapter    **7** _____

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

**Joseph Walter Michaels** _____      X **/s/ Joseph Walter Michaels**      **April 26, 2012**
Printed Name(s) of Debtor(s)                        Signature of Debtor            Date

Case No. (if known)  _____      X _____
                                             Signature of Joint Debtor (if any)      Date

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1.  Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor.  The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

Software Copyright (c) 1996-2012 CCH INCORPORATED - www.bestcase.com                        Best Case Bankruptcy

# United States Bankruptcy Court
## Northern District of Illinois

In re  __Joseph Walter Michaels__                                    Case No. _____

                                    Debtor(s)            Chapter  __7__ _____

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors: _____ __29__

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:  __April 26, 2012_____        __/s/ Joseph Walter Michaels_____
                                              __Joseph Walter Michaels__
                                              Signature of Debtor

Abear Law Offices Pc
4200 Cantera Drive # 200
Warrenville, IL 60555


Bill Me Later
P.O. Box 2394
Omaha, NE 68103


Blatt, Hasenmiller, Leibsker & Moor
125 S. Wacker Drive, Suite 400
Chicago, IL 60606


Capital Management Services, LP
726 Exchange Street, Suite 700
Buffalo, NY 14210


Capital One
P.O. Box 6492
Carol Stream, IL 60197-6492


Capital One
P.O. Box 71083
Charlotte, NC 28272-1083


Chase
P.O. Box 15153
Wilmington, DE 19886


Citibank
100 Citibank Drive
San Antonio, TX 78245-9966


ComEd
P.O. Box 805379
Chicago, IL 60680


Creditors Interchange
80 Holtz Drive
Buffalo, NY 14225


Dell Financial Services
P.O. Box 81577
Austin, TX 78708-1577

Direct Loan Servicing
US Dept of Ed
PO Box 5609
Greenville, TX 75403


Echelon Recovery Inc.
P.O. Box 1880
Voorhees, NJ 08043


Forster and Garbus LLP
60 Motor Parkway
Commack, NY 11725-5710


GC Services Limited Partnership
P.O. Box 2667
Houston, TX 77253


HSBC
P.O. Box 2013
Buffalo, NY 14240


I.C. System Inc.
444 Highway 96 East
P.O. Box 64378
Saint Paul, MN 55164-0378


Mazda American Credit
PO Box 5420100
Omaha, NE 66154


MRS Assoc of NJ
1930 Otney Ave.
Cherry Hill, NJ 08003


National Collegiate
1200 N 7th St
Harrisburg, PA 17102


NCO Financial Systems
4740 Baxter Rd.
Virginia Beach, VA 23462


NewEgg
PO Box 105658
Atlanta, GA 30348-5658

Primary Finincial Services
3115 N 3rd Ave Ste 112
Phoenix, AZ 85013


Sallie Mae
PO Box 9500
Wilkes Barre, PA 18773


SIU Credit Card
PO Box 31279
Tampa, FL 33631-3279


SOUTHERN ILLINOIS LAW
102 S ORCHARD DR
Carbondale, IL 62903


Sprint
6391 Sprint Parkway
Overland Park, KS 66251-4300


Student Loan Corporation
99 Gamsey Rd
Pittsford, NY 14534


Target National Bank
P.O. Box 673
Minneapolis, MN 55440